UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER HOWARD and**
**JEFFREY GREENSTONE, on behalf of**
**themselves and all others similarly**
**situated**

 **Plaintiffs,**

v.                 Case No: 5:15-cv-200-Oc-PRL

**SECOND CHANCE JAI ALAI LLC**

 **Defendant.**

## ORDER

This case is before the Court for consideration of Plaintiffs' Motion to Compel Better Discovery Answers (Doc. 31), directed to Defendant Second Chance Jai Alai, LLC. Defendant has failed to respond, and the time for responding has expired.

Plaintiffs worked as poker dealers for Defendant at its Ocala Poker & Jai-Alai establishment. Plaintiffs bring this case pursuant to the Fair Labor Standards Act (FLSA), and allege that Defendant created an invalid tip pool by sharing Plaintiffs' tips with ineligible employees. Plaintiffs allege that they were required to participate in a tip pool with various other employees such as managers, vault personnel, floor personnel, and cashiers over at least the past 3 years. Plaintiffs' allegations in this regard are central to their FLSA claims and other key issues in the case, such as whether Defendant was entitled to a "tip credit" toward minimum wage pursuant to 29 U.S.C. § 203(m). If an employee receives tips via a tip pooling system, the pool may only include customarily tipped employees. *Id.* Plaintiffs contend that if an employee

challenges the validity of a tip pool, the employer has the burden of proving it complies with the FLSA, citing *Barcelona v. Tiffany English Pub. Inc.,* 597 F.2d 464, 467 (5th Cir. 1979).

In this case, Plaintiffs have indeed challenged Defendant's tip pool by arguing that ineligible employees (including but not limited to supervisors, managers, vault personnel, floor personnel, and cashiers) were sharing in their tips.  Plaintiffs propounded several interrogatories and requests to produce that were calculated to discover the participants in Defendant's tip pool credit.  For example:

> Interrogatory No. 1:   During the past 3 years, please identify all employees who have been employed in any position at Defendants' Ocala Poker & Jai-Alai location in which they have received any income from tips, either directly or through tip-pooling, tip-sharing or a tip-out from other employees and state the dates during which the employees received income from tips.
>
> Interrogatory No. 2:   For each employee identified in Interrogatory No. 1, state the position(s) worked by each such employee and their job duties.

Plaintiffs contend that Defendant's discovery responses amounted to meaningless boilerplate. For example, in response to the two interrogatories cited above, Defendant answered as follows: "Answer:   The plaintiffs.   Otherwise object to the naming of other employees based on relevancy, not calculated to lead to the discovery of otherwise admissible evidence and confidential business information."   (Doc. 31, p. 4).   Defendant made substantially similar objections to similar interrogatories and requests to produce.

Plaintiffs argue that the requests seek information directly relevant to their claims, and that Defendant's objection on the basis of confidentiality is without merit.   Plaintiffs contend that Defendant's employees and their positions are readily apparent to the public as they work in a public establishment.   Plaintiffs also point out that Defendant failed to file a motion for protective order.

- 3 -

The Court agrees that Defendant's objections are without merit, and it is noteworthy that Defendant failed to respond to Plaintiffs' motion to compel.

Accordingly, upon due consideration, Plaintiffs' motion to compel (Doc. 31) is **GRANTED**. Defendant is compelled to provide full and accurate responses to Plaintiffs' First Set of Interrogatories, Questions 8, 9, and 10, and Plaintiff's Second Set of Interrogatories, Questions 1, 2 and 6. Defendant is further compelled to provide a complete set of responsive documents to Plaintiffs' First Requests to Produce, Numbers 8, 27, 28, 37 and 50, and Plaintiffs' Second Requests to Produce, Numbers 3, 4 and 5.

Plaintiffs' request for attorney's fees and costs for bringing the motion to compel is due to be granted pursuant to Rule 37 (a)(5)(A) of the Federal Rules of Civil Procedure. Within 10 days of the entry date of this Order, **Plaintiffs** are directed to provide an assessment of their reasonable expenses, including attorney's fees, necessitated by Defendant's inadequate discovery responses. **Defendant** shall then have 14 days within which to show cause why costs and fees should not be awarded to Plaintiffs in the amount stated.

**DONE** and **ORDERED** in Ocala, Florida on October 28, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties