UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER HOWARD and**
**JEFFREY GREENSTONE, on behalf of**
**themselves and all others similarly**
**situated**

    **Plaintiffs,**

v.                                                                                          Case No: 5:15-cv-200-Oc-PRL

**SECOND CHANCE JAI ALAI LLC**

    **Defendant.**

## ORDER

This Fair Labor Standards Act (FLSA) case is before the Court for consideration of Defendant Second Chance Jai Alai, LLC's Motion for Partial Reconsideration, or in the Alternative, Motion to Vacate Award of Attorney's Fees (Doc. 35), to which Plaintiffs have responded. (Doc. 36). Defendant's motion is due to be denied for the reasons explained below.

As observed in the Court's prior Order granting Plaintiffs' motion to compel (Doc. 34), Plaintiffs worked as poker dealers for Defendant at its Ocala Poker & Jai-Alai establishment. Plaintiffs allege that Defendant created an invalid tip pool by sharing Plaintiffs' tips with ineligible employees. Plaintiffs allege that they were required to participate in a tip pool with various other employees such as managers, vault personnel, floor personnel, and cashiers over at least the past 3 years. Plaintiffs' allegations in this regard are central to their FLSA claims and other key issues in the case, such as whether Defendant was entitled to a "tip credit" toward minimum wage pursuant to 29 U.S.C. § 203(m). If an employee receives tips via a tip pooling system, the pool may only include customarily tipped employees. *Id.* Plaintiffs contend that if an employee

- 2 -

challenges the validity of a tip pool, the employer has the burden of proving it complies with the FLSA, citing *Barcelona v. Tiffany English Pub. Inc.,* 597 F.2d 464, 467 (5th Cir. 1979).

In this case, Plaintiffs have indeed challenged Defendant's tip pool by arguing that ineligible employees were sharing in their tips. Plaintiffs propounded several interrogatories and requests to produce that were calculated to discover the participants in Defendant's tip pool credit. For example:

> Interrogatory No. 1: During the past 3 years, please identify all employees who have been employed in any position at Defendants' Ocala Poker & Jai-Alai location in which they have received any income from tips, either directly or through tip-pooling, tip-sharing or a tip-out from other employees and state the dates during which the employees received income from tips.
>
> Interrogatory No. 2: For each employee identified in Interrogatory No. 1, state the position(s) worked by each such employee and their job duties.

Plaintiffs contend that Defendant's discovery responses amounted to meaningless boilerplate. For example, in response to the two interrogatories cited above, Defendant answered as follows: "Answer: The plaintiffs. Otherwise object to the naming of other employees based on relevancy, not calculated to lead to the discovery of otherwise admissible evidence and confidential business information." (Doc. 31, p. 4). Defendant made substantially similar objections to similar interrogatories and requests to produce.

Plaintiffs moved to compel, and Defendant failed to respond. By Order entered October 28, 2015, upon consideration of the issues presented, the Court granted Plaintiffs' motion to compel (Doc. 34), overruled Defendant's objections, directed Defendant to provide full and accurate responses to the discovery requests, and granted Plaintiffs' request for attorney's fees and costs.

Defendant has now moved for reconsideration of the Court's Order, and in the alternative, to vacate the award of attorney's fees. Defendant states that its failure to file a response to Plaintiffs' motion to compel was due to its counsel Patrick Gilligan's inadvertent mistake. Defendant claims that it intended to file a response. Indeed, counsel tasked an associate attorney in his firm with providing a rough draft of a response, but counsel inadvertently deleted the associate's email containing the draft response after reviewing it. Counsel was under the mistaken belief that the draft had been forwarded to the associate for final revisions and to his paralegal to be finalized and filed with the Court. Counsel states he "simply has no explanation of how or why" the email was inadvertently deleted, but that it "was not, however, the fault of anyone but the undersigned [counsel]." (Doc. 35, p. 3).

Defendant urges the Court to reconsider the granting of Plaintiffs' "overbroad" discovery requests, and also asks the Court to vacate its order granting attorney's fees. Defendant urges that the facts provide a clear instance of "mistake, inadvertency, surprise, or excusable neglect," which would justify the Court vacating its order granting attorney's fees under Rule 60(b) of the Federal Rules of Civil Procedure.

The Court disagrees, and declines to reconsider its prior Order. As explained below, Plaintiffs' Motion to Compel was granted because, under the Federal Rules of Civil Procedure, Plaintiffs are entitled to the discovery they requested. The fact that Defendant neglected to file a response to the motion to compel had little or no bearing on the Court's decision, nor did the lack of a response impact the decision to award attorney fees. Although Defendant has now provided an explanation as to why it failed to respond to the motion, that explanation does not substantially justify its failure to adequately respond to Plaintiffs' discovery requests. The Court imposed attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) because Defendant's nondisclosure was not

substantially justified. Even if Defendant had filed its draft response, which it now attaches to its motion for reconsideration (Doc. 35), the Court's decision would not have been different.

Plaintiffs state that Defendant's claim that it was willing to "work with" Plaintiffs is hollow, given that it has still not produced any discovery responsive to the discovery requested in the Motion to Compel. Instead, Defendant again raises its relevancy objection, and, also implies that Defendant is not required to answer the discovery requests because they are overbroad or poorly worded. For example, Defendant cites Interrogatory No. 8, which asked "List the names and addresses of any and all persons you have paid tips to at any time within 3 years prior to the time this lawsuit was filed," and claims it is poorly worded. (Doc. 35, p. 15). Defendant then launches into a detailed explanation clarifying the details of its tip pool and how tips are collected, in an effort to explain that "it is not correct to state that Second Chance is 'tipping' these employees. Instead, the patrons are 'tipping' the poker dealers, and the poker dealers, through Second Chance, provide a portion of their tips to other staff as a component of their employment." (Doc. 35, p. 15).

Notably, in its initial discovery responses, Defendant did not specifically object to the interrogatories in question on the basis of their being vague or overbroad. Rather, these objections appear to be raised for the first time now (and in Defendant's attached draft response to the motion to compel that was never filed.) (Doc. 35). Defendant's belated contention that the interrogatory requests are poorly worded in relation to the facts of the case does not relieve it of the obligation to comply with discovery requirements and the Court's Order granting the motion to compel.

Further, Defendant's argument attempts to obscure the fact that it has continued to withhold providing information and documents responsive to the discovery requests referenced in Plaintiffs' Motion to Compel. Defendant does not dispute that it runs a tip pool in which poker dealers

receive tips that are distributed to other staff. (Doc. 35, p. 15). Indeed, the very details of the tip pool, how it operated, and which employees participated in the pool is at the heart of Plaintiffs' claims. Plaintiffs are plainly entitled to discovery regarding the participants of the tip pool and how it operates. Defendant concedes that the distribution of tips through a tip pool is a "component" of employment with Second Chance. (Doc. 35, p. 15). It thus appears that at least some of Defendant's employees are subject to a complex compensation scheme wherein the compensation of various employees is interrelated and interdependent. It is apparent that information regarding how each employee was compensated is directly relevant or could reasonably lead to the discovery of admissible evidence.[1] For this reason, the Court rejects Defendant's argument that "employees that receive tips and are paid totally separately from any tip pool with the Defendant's poker dealers are entirely irrelevant to the facts of the instant case." (Doc. 35, p. 15). To the contrary, the identity and compensation scheme of other tipped employees such as waitresses, for example, is relevant to an understanding of the overall compensation scheme for employees at Second Chance, including understanding what categories of employees are tipped, how, and whether they are required to participate in a tip pool with other employees. Defendant has not been substantially justified in withholding discovery on the basis of its misplaced relevancy argument.

Thus, Plaintiffs are entitled to discovery on information relevant to Plaintiffs' claims during the time period requested by Plaintiffs (Plaintiffs have reasonably requested the past three years), including, at a <u>minimum</u>, the identity of all employees who received tips either directly from

---

[1] The Court submits that Plaintiffs may be entitled to information about how all employees at Second Chance were compensated within the relevant time period, regardless of whether they received tips as a component of their compensation. Such information would provide a comprehensive picture of how Defendant compensated its various employees, and could be relevant or reasonably calculated to lead to the discovery of admissible evidence.

patrons or indirectly through a tip pool or other similar tip system. The discovery requests that were the subject of Plaintiffs' motion to compel sought this and other related relevant information.

Defendant's position that certain Interrogatories (Such as No. 8 requesting "all persons you have paid tips") are "poorly worded," does not obviate Defendant's obligation to provide an answer. Pursuant to Rule 33(b)(3), "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." As has already been noted, Defendant failed to object to Interrogatory No. 8 on any basis other than relevancy and confidentiality. Therefore, it has already waived any objection on the basis of the interrogatory being vague or overly broad. Further, as required by Rule 33(b)(3), Defendant must answer to the extent it can. Defendant's lengthy explanation about tipping systems at Second Chance as contained in its draft response (Doc. 35) demonstrates that it is in possession of the relevant information that would have provided a good faith answer to the question. At a minimum, Defendant could provide a qualified answer.

Accordingly, upon due consideration, Defendant's Motion for Reconsideration and to Vacate Award of Attorney Fees (Doc. 35) is **DENIED**. Defendant is **<u>again compelled</u>** to provide full and accurate responses to Plaintiffs' First Set of Interrogatories, Questions 8, 9, and 10, and Plaintiffs' Second Set of Interrogatories, Questions 1, 2 and 6. Defendant is further **<u>again compelled</u>** to provide a complete set of responsive documents to Plaintiffs' First Requests to Produce, Numbers 8, 27, 28, 37 and 50, and Plaintiffs' Second Requests to Produce, Numbers 3, 4 and 5. Defendant shall provide Plaintiffs its discovery responses on or before **December 1, 2015**, failing which additional sanctions may be imposed.

Plaintiffs' previously granted request for attorney's fees and costs for bringing its motion to compel shall stand. Defendant is reminded that it has **14 days** from the filing date of Plaintiffs'

- 7 -

assessment of requested fees and expenses within which to show cause why costs and fees should not be awarded to Plaintiffs in the amount stated.

      **DONE** and **ORDERED** in Ocala, Florida on November 12, 2015.

                                                    PHILIP R. LAMMENS
                                                    United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties