UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER HOWARD and**
**JEFFREY GREENSTONE, on behalf of**
**themselves and all others similarly**
**situated**

    **Plaintiffs,**

v.                                                                                   Case No: 5:15-cv-200-Oc-PRL

**SECOND CHANCE JAI ALAI LLC**

    **Defendant.**

# ORDER

This consent case is before the Court for consideration of Defendants' Motion to Compel Plaintiffs to Properly Respond to Prior Interrogatories (Doc. 48) and Defendant's Motion to Extend Time for Mediation and to Conduct Mediation via the Magistrate Judge (Doc. 50).

    **I.**    **Background**

Plaintiffs worked as poker dealers for Defendant at its Ocala Poker & Jai-Alai establishment. Plaintiffs bring this case pursuant to the Fair Labor Standards Act (FLSA), and allege that Defendant created an invalid tip pool by sharing Plaintiffs' tips with ineligible employees. Plaintiffs allege that they were required to participate in a tip pool with various other employees such as managers, vault personnel, floor personnel, and cashiers over at least the past 3 years.

    **II.**    **Defendant's Motion to Compel**

The first issue to be addressed is Defendant's Motion to Compel (Doc. 48), to which Plaintiff has responded. (Doc. 49). Defendant contends that Plaintiffs have provided

insufficient, incomplete, and evasive answers to their interrogatories responses contrary to Rule 37(a)(4) of the Federal Rules of Civil Procedure. Defendant does not explain in its motion how or why Plaintiff's answers are insufficient, incomplete, or evasive, but instead refers the Court to its "good faith" letter attached as exhibit. (Doc. 48, p. 6).

Defendant's letter, dated March 14, 2016, requests that Plaintiffs supplement their interrogatory responses. For example, Defendant disagrees with Plaintiff's responses, and argues Plaintiffs' answers represent "ridiculous" or "preposterous" positions. (Doc. 48, p. 6).

Plaintiff argues in response, however, that Defendant's motion to compel is untimely. As set forth in the Court's Case Management and Scheduling Order, "motions to compel brought pursuant to Rule 37 must be filed no later than the close of discovery." (Doc. 25, p. 2). Plaintiffs state they responded to Defendant's interrogatories on January 19, 2016, and Defendant did not object to their answers for 55 days, until sending the letter of March 14, 2016. Plaintiff further contends that Defendant's letter was sent at 4:59 p.m., and unreasonably demanded receipt of amended interrogatory answers by March 15, 2016 – the next day. The discovery deadline was March 16, 2016. Defendant's motion to compel was filed on March 23, 2016. (Doc. 48).

The Court agrees that Defendant's motion to compel was untimely and is therefore due to be denied. After receiving Plaintiffs' interrogatory answers on or about January 19, 2016, Defendant had ample time to communicate its objections, but failed to do so until near the close of discovery. Defendant has offered no explanation for the delay in raising its objections, and the time for filing its motion to compel expired on the deadline of March 16, 2016.

### III.   Request Regarding Mediation

Defendant has also requested that the time for mediation be extended by 30 days, and to conduct the mediation with the United States Magistrate Judge. (Doc. 50). Previously, upon the

parties' consent, this case was referred to the undersigned United States Magistrate Judge to conduct all proceedings, including trial and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docs. 21 & 23). Accordingly, the undersigned would not conduct a mediation conference in this case. The parties are advised that, if they agree to mediation before another magistrate judge, they should expect to travel to a different division within the Middle District of Florida and participate in mediation there.

### IV.   Conclusion

For the reasons stated above, it is ordered that:

(1) Defendant's motion to compel (Doc. 48) is DENIED.

(2) If, in light of the information contained in this Order, the parties desire to schedule a settlement conference before a United States Magistrate Judge, they may file an appropriate motion. In the meantime, Defendant's motion to extend the deadline for mediation an additional 30 days (Doc. 50) is GRANTED.

**DONE** and **ORDERED** in Ocala, Florida on April 8, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties