**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHRISTOPHER HOWARD and**
**JEFFREY GREENSTONE, on behalf of**
**themselves and all others similarly**
**situated**

      **Plaintiffs,**

v.                                                                                            **Case No: 5:15-cv-200-Oc-PRL**

**SECOND CHANCE JAI ALAI LLC,**

      **Defendant.**

## ORDER

This consent case is before the Court for consideration of Defendant Second Chance Jai-Alai, LLC's Motions to Redact (Docs. 61 & 62). Both motions pertain to exhibits filed by Defendant in support of its motion for summary judgment. (Doc. 51). Defendant recites that it filed documents containing personal identifying information into the record in error and requests that the Court enter an order directing the Clerk of Court to substitute the proposed redacted exhibits for the ones currently in the record. Indeed, Defendant has provided proposed redacted exhibits marking out identifying information such as Social Security numbers and dates of birth. (Docs. 61 & 62).

Counsel for Defendant is cautioned that it is the responsibility of every attorney and pro se litigant to redact personal identifiers before filing pleadings, motions, memoranda, exhibits, and other documents with the Court. The attorney or pro se litigant is responsible for verifying that appropriate and effective methods of redaction have been used. Attorneys and pro se litigants

must review the Judicial Conference Privacy Policy and applicable Court rules at http://www.privacy.uscourts.gov/.

Upon consideration, and although Defendant has failed to provide the required certification regarding Plaintiff's position as to the motions pursuant to Local Rule 3.10(g), it is apparent that Defendant's exhibits containing the personal identifying information should be removed from the record. Defendant, however, has not identified which specific exhibits should be substituted for the proposed redacted exhibits, but merely requests that the Court direct the Clerk to perform the substitution. This task, however, would be both time-consuming and onerous for the Clerk, if not impossible. Defendant has filed Docs. 52-60, all of which appear to contain exhibits offered in support of its motion for summary judgment. Complicating matters, Defendant has docketed certain documents in error. For example, Doc. 59 is docketed as a deposition but is clearly an exhibit.

Accordingly, upon due consideration, Defendant's motions to redact (Doc. 61 & 62) are **GRANTED**. The Clerk is directed to **STRIKE** and **REMOVE** from the docket Docs. 52-60, including any exhibits and attachments. Thereafter, **Defendant shall REFILE** a properly redacted complete set of exhibits, and should take care to ensure compliance with the Judicial Conference Privacy Policy cited above. Further, to the extent that the striking and refiling of the exhibits hinders Plaintiff's ability to respond to Defendant's motion for summary judgment, Plaintiff may request an extension of time to respond.

**DONE** and **ORDERED** in Ocala, Florida on April 21, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties