## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CHRISTOPHER HOWARD and
JEFFREY GREENSTONE, on behalf of
themselves and all others similarly
situated**

      **Plaintiffs,**

**v.**                                                            **Case No: 5:15-cv-200-Oc-PRL**

**SECOND CHANCE JAI ALAI LLC**

      **Defendant.**

_____

### ORDER

This case, which is currently scheduled for a bench trial on August 8, 2016, is before the

court for consideration of Defendant's Motion for Partial Reconsideration on Defendant's Motion

for Summary Judgment (Doc. 84), to which Plaintiff has responded in opposition (Doc. 86).   For

the reasons explained below, Defendant's motion is due to be denied.

### I.      BACKGROUND

Plaintiffs, Christopher Howard and Jeffrey Greenstone, are former employees of

Defendant, Second Chance Jai-Alai, LLC ("Second Chance"), and were employed as poker dealers

at Defendant's Ocala Poker and Jai-Alai establishment.   As set forth in their Second Amended

Complaint (Doc. 29), Plaintiffs bring claims for alleged violations of the minimum wage

provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

Plaintiffs' claims arise from Second Chance's claiming of a tip credit on its poker dealers,

which permitted it to pay them less than the statutorily required minimum wage.   Plaintiffs allege

that Defendant's failure to comply with the FLSA 'tip credit' requirements results in Defendant's

inability to claim a 'tip credit' for Plaintiffs.  Plaintiffs also allege that, by requiring its poker dealers to share their tip pool with non-tipped employees, Second Chance was not permitted to claim the tip credit and was therefore obligated to pay its dealers the full minimum wage.  In a single count against Defendant Second Chance, Plaintiffs seek unpaid minimum wages owed to them for the period in which they were paid pursuant to the tip credit, in addition to liquidated damages, and attorneys' fees and costs.

By Order entered June 16, 2016 (Doc. 81), the Court denied cross-motions for summary judgment filed on behalf of both Defendant and Plaintiffs.  Defendant, Second Chance, has now moved for partial reconsideration of the Court's denial of summary judgment on the issue of whether Plaintiffs were properly notified about the tip credit under 29 U.S.C. § 203(m), arguing that a recent Supreme Court decision should substantially change this Court's evaluation of the issue.

## II.    STANDARD

Under Federal Rule of Civil Procedure 54(b), a court's order or decision is "subject to revision at any time before the entry of judgment."  Indeed, district courts have broad discretion to reevaluate issues already heard before them.  *See Sussman v. Salem, Saxon & Lielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)("The district courts are necessarily afforded substantial discretion in ruling on motions for reconsideration.").  There are three recognized grounds justifying reconsideration of an order:  (1) an intervening change of controlling law; (2) the availability of new evidence; and (3) the need to correct clear or manifest injustice.  *See Lamar Adver. Of Miobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D. Fla. 1999).

## III.   DISCUSSION

Defendant argues that reconsideration of the Court's summary judgment order is appropriate because it was decided without the benefit of a recent Supreme Court decision relevant to agency interpretation of statutes, citing *Encino Motorcars, LLC, v. Navarro,* No. 15-415, 2016 WL 3369424 (June 20, 2016).   Defendant notes that the Supreme Court decided *Navarro* just four days after this Court issued its order denying summary judgment, and contends that *Navarro* will substantially change this Court's evaluation of the notice issue.

### A.   The Prior Summary Judgment Decision

The basis for this Court's decision denying summary judgment on the issue of whether Defendant properly notified Plaintiffs about the tip credit under 29 U.S.C. § 203(m) is discussed in detail in the prior Order.   (Doc. 81).   To summarize, Defendant argued, and continues to maintain, that it is entitled to summary judgment on the issue of notice because it is undisputed that an official Department of Labor minimum wage poster was prominently displayed at its establishment.   Defendant relies on *Pellon v. Bus. Representation Int'l, Inc*, 528 F. Supp. 2d 1306, 1310-11 (S.D. Fla. 2007), for the proposition that a prominently displayed poster containing language approved by the Department of Labor would sufficiently inform an employee of the FLSA tip credit.   Consistent with this Court's prior reasoning, however, the *Pellon* decision has only limited relevance to the instant case due to several factors, including distinguishable facts and an intervening amendment to the FLSA regulations.

In *Pellon*, the court considered on summary judgment whether defendant had properly informed plaintiffs, who were employed as skycaps at Miami International Airport, that it intended to take a tip credit against their wages under the FLSA.   528 F. Supp. 2d at 1309.   The court addressed what constituted proper notice of the tip credit provision under 29 U.S.C. § 203(m).   *Id.*

at 1310.   The court stated, "[b]ecause it would defy logic to require the display of inadequate information regarding the minimum wage and employer tip credit, a prominently displayed poster using language approved by the Department of Labor to explain 29 U.S.C. § 203(m) is sufficient notice."   *Id.*   Notably, the facts of the *Pellon* case did <u>not</u> involve a tip pooling arrangement as existed in the instant case, and the court's holding considered that plaintiffs had also received an oral notification.   *Id.* at 1311.

Effective May 5, 2011, the Department of Labor ("DOL") amended rule 29 C.F.R. § 531.59(b), detailing an employer's obligation to inform tipped employees of the tip credit provisions of § 203(m).   The requirement "to inform" was enacted in 1974, when Congress amended the FLSA to include, *inter alia*, that a tip credit shall not apply "unless such employee has been informed by the employer of the provisions of this subsection." 29 U.S.C. § 203(m). The DOL's stated purpose in promulgating the revisions was to update FLSA regulations that had "become out of date because of subsequent legislation or court decisions," and to "conform the regulations to the FLSA Amendments."   *See Updating Regulations Issued Under the Fair Labor Standards Act*, 73 Fed. Reg. at 43654 (July 28, 2008).

The amended final rule, codified as 29 C.F.R. § 531.59(b) provides five distinct disclosure requirements, and reads in part:

> Pursuant to <u>section 3(m)</u>, an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, [3] which amount may not exceed the value of the tips actually received by the employee; [4] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; [5] and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

*Id.*

In the instant case, Defendant argues that summary judgment is warranted due to the fact that it displayed an official DOL poster at its establishment which stated the following:

> Employers of "tipped employees" must pay "a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation.   If an employee's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference.   Certain other conditions must also be met.

(Doc. 70-3, p. 4).

Importantly, the poster did not contain any mention of the final disclosure requirement under 29 U.S.C. § 531.59(b): that "all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips."   As this Court previously noted, in light of the amended regulation, it is questionable whether the poster the Defendant displayed, lacking any information about tip pooling, would – without more – constitute sufficient notice, where Defendant claimed a tip credit and Plaintiffs were part of a tip pool.   When considering such a poster <u>after</u> the final amended rule had taken effect, one court concluded that the poster itself was insufficient:

> "The text of [FLSA] posters alone cannot comply with the requirement to inform employees of the provisions of § 203(m). The federal poster discloses that an employer *may* claim a tip credit when 'certain other conditions [are] met' without describing those other conditions. . . . One of such conditions not described is the requirement of § 203(m) that the employee retain all tips except for tip pooling."

*Driver v. AppleIllinois, LLC*, 917 F. Supp. 2d 793, 802-03 (N.D. Ill. 2013).

Defendant's reliance on *Pellon* is misplaced.   Not only is *Pellon* factually distinguishable from this case, but it predates the 2011 clarification of the notice requirement.   Indeed, the DOL poster (i.e., the poster that Defendant claims is in itself sufficient notice) lacks any mention of tip pooling requirements and states, "[c]ertain other conditions must also be met."   (Doc. 70-3, p. 4).

- 5 -

In light of the amended rule, common sense dictates that the "certain other conditions" which must be met could include the fourth disclosure requirement under 29 C.F.R. § 531.59(b), which requires notice that "all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips."

Defendant also cites two other district court cases from this Circuit to demonstrate that courts have continued to rely on *Pellon* to evaluate notice even after the effective date of 29 C.F.R. § 531.59.   The cases cited by Defendant, however, are distinguishable and do not analyze—or even discuss—the amended rule.   *See Ide v. Neighborhood Rest. Partners*, LLC, F. Supp.3d 1285 (N.D. Ga. 2014) (finding that notice was sufficient where the employer provided associate handbooks "to their employees that articulate the tip credit requirements of 29 U.S.C § 203(m)" and maintained a "Wage and Hour Poster"); *Garcia v. Koning Rests. Int'l*, 2013 WL 8150984 (S.D. Fla. 2013) (discussing a factual dispute between the parties as to whether the Department of Labor's poster was prominently displayed, but noting that regardless the "poster alone would not have sufficed to inform [employees that do not understand English] of the 'tip credit'").

As this Court previously noted, beyond the poster, the evidence in the record regarding what notice was given to Plaintiffs is vague and inconclusive, including Plaintiffs' depositions. Neither party is entitled to summary judgment because the evidence creates an issue of fact regarding whether Defendant complied with the notice requirements of section 203(m).

## B.  Defendant's Motion for Reconsideration

Defendant now contends that the Supreme Court's recent decision in *Encino Motorcars, LLC, v. Navarro*, No. 15-415, 2016 WL 3369424 (June 20, 2016), should substantially change this Court's evaluation of the notice issues.   In *Navarro*, five automobile "service advisors" brought

suit against their former employer claiming that their employer failed to pay overtime as required by the FLSA.  *Id.* at *3.   The district court dismissed the action on the basis that "service advisors" were exempt as a "salesman, partsman, and mechanic" under 29 U.S.C. § 213(b)(10)(A). *Id.*   The Court of Appeals for the Ninth Circuit reversed in relevant part, construing the statute by deferring under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to the interpretation set forth by the DOL in its 2011 regulation.   *Id.* at *6.   The Court of Appeals granted deference to the DOL's regulation under the rule that agencies are free to change their existing policies as long as they provide a reasoned explanation for the change.  *Id.*   *See also National Cable & Telecommunications Assn. v. Brand X Internet Services*, 545 U.S. 967, 981–982 (2005); *Chevron*, 467 U.S., at 863–864.

In evaluating the issue, the Supreme Court noted that the DOL had taken contrary positions on the application of the exemption to service advisors and, when promulgating the new regulation, failed to provide reasons for the new policy.   2016 WL 3369424 at *9.   Accordingly, the Court declined to apply deference to DOL regulation, and vacated and remanded the case.   *Id.* at *9.

In light of the *Navarro* decision, Defendant argues that this Court should not defer to the DOL's amended regulation.   Defendant contends that the DOL's analysis regarding notice of the tip credit in 76 Fed. Reg. 18842-44 is "as defective as the analysis" considered by the Supreme Court in *Navarro*, and "is therefore arbitrary and capricious."   (Doc. 84).

Defendant's argument is unavailing for several reasons.   First, notwithstanding Defendants' characterization that the DOL's poster (Publication 1088) and its regulations are inconsistent, the DOL's promulgation of amended rule 29 C.F.R. § 531.59(b) did not represent a new policy or changed position.   To the contrary, courts have observed that expressly requiring the disclosure of five specific provisions, as in the final amended rule, does not require employers

to do any more than what they were already obligated to do under section 203(m), albeit a more detailed requirement than some courts previously acknowledged.   *See Nat'l Rest. Ass'n*, 870 F. Supp. at 56; *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012).   The amended rule is best described as a clarification.   Such a clarification is distinguishable from a change of position as was addressed in *Navarro*, where the DOL changed its position altogether on the issue of whether service advisors were exempt employees.   2016 WL 3369424 at *1.

Further, the DOL's amendment to 29 C.F.R. § 531.59(b) is hardly arbitrary and capricious. As outlined in the Court's prior Order, the DOL provided ample explanation for the amendment. For example, one reason for the amendment was to clarify what level of notice is sufficient.   As observed by the DOL in the introductory summary of the final rule, courts had been inconsistent in determining what level of notice is sufficient to adequately inform the employee of the provisions of § 203(m).   *See Updating Regulations Issued Under the Fair Labor Standards Act*, 76 Fed. Reg. 18832-01, 18843-44.   The DOL's stated purpose in promulgating the revisions was to update FLSA regulations that had "become out of date because of subsequent legislation or court decisions," and to "conform the regulations to the FLSA Amendments."   *See Updating Regulations Issued Under the Fair Labor Standards Act*, 73 Fed. Reg. at 43654 (July 28, 2008). The DOL decided, after careful reexamination of the terms of the statute, its legislative history, and a review of the public comments, to revise the rule as to "the level of interpretation that employers must provide when informing tipped employees about the tip credit pursuant to section [20]3(m)."   *Updating Regulations Issued Under the Fair Labor Standards Act*, 76 Fed. Reg. at 18844.

In updating the regulations, the DOL provided reasoned explanations for the amendment, and displayed an awareness that clarification of the rule was necessary.   The Court disagrees with Defendant's contention that the amended regulation is not entitled to deference.

Further, as Plaintiff argues, it is worth noting that the Ninth Circuit concluded the DOL's regulations interpreting 203(m) and extending tip pooling restrictions to employers who do not take a tip credit were a reasonable interpretation of the Fair Labor Standards Act and warranted *Chevron* deference.   *See Or. Rest. & Lodging Ass'n, Corp. v. Perez,* Nos. 13–35765, 14–15243, 2016 WL 706678 (9th Cir. Feb. 23, 2016) (considering the 2011 rule, observing numerous comments that section 203(m) was "confusing" or "misleading," and stating it "was certainly reasonable to conclude that clarification by the DOL was needed.   The DOL's clarification – the 2011 rule – was a reasonable response to these comments and relevant case law.").

In short, the Supreme Court's decision in *Navarro* does not warrant reconsideration of the prior Order denying summary judgment on the issue of whether sufficient notice was given to Plaintiffs about the tip credit under 29 U.S.C. § 203(m).   Nonetheless, although Plaintiff has moved for sanctions and contends Defendant's motion for reconsideration was filed in bad faith, the Court is disinclined to grant sanctions on that basis.

IV.     **CONCLUSION**

Upon due consideration, and for the reasons stated above, Defendant's Motion for Partial Reconsideration (Doc. 84) is **DENIED**.   Plaintiff's motion for sanctions on the basis that Defendant's motion for reconsideration was filed in bad faith (Doc. 86) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on July 18, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties